UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Pierrie Brisbane, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> W. Shepherd, *Bailiff*; and ) <br> Charleston County Sheriff's Office, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:25-cv-06583-BHH-MGB <br><br><br><br> **REPORT AND RECOMMENDATION** |

Plaintiff Pierrie Brisbane, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this civil action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed without further leave to amend.

## BACKGROUND

Plaintiff currently has a series of criminal charges pending before the Charleston County Court of General Sessions, including several counts of assault/battery in the first degree (Case Nos. 2022A1021000050, -51, -52, and -53) and various drug offenses (Case Nos. 2022A1010203492, 2022A1010204758, and 2022A1010204759).[1] The instant case arises from a hearing held on July

---

[1] The undersigned takes judicial notice of the various criminal proceedings pending against Plaintiff in the Charleston County Court of General Sessions. *See* Case Records Search, https://www.sccourts.org/case-records-search/ (limiting search to Charleston County, Pierrie Brisbane) (last visited Nov. 14, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that a federal court may take judicial notice of the contents of its own records, as well as those public records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government web sites).

1

24, 2024, presumably in one of these state court actions—although Plaintiff does not identify which one. According to the original Complaint, Plaintiff was "assaulted" by the courtroom bailiff (Defendant W. Shepherd) "while litigating his cases" and denied "the protection of law" by the presiding judge (the Honorable Deadra Jefferson), who allegedly refused to rule on Plaintiff's "objections" and prevented him from "[being] heard at his hearings." (Dkt. No. 1 at 4–5, 7.)

Upon reviewing these initial allegations, the undersigned issued an order notifying Plaintiff that his Complaint was subject to summary dismissal for failure to state a claim to relief under § 1983. (Dkt. No. 14 at 2–3.) More specifically, the undersigned informed Plaintiff that his claims against Judge Jefferson were barred by the doctrine of absolute judicial immunity, and his allegations against Defendant Shepherd fell short of a constitutional violation—in particular, excessive force. (*Id.*) In light of Plaintiff's *pro se* status, however, the undersigned afforded him twenty-one days, plus three days for mail time, to file an amended pleading that cured the deficiencies identified in the Complaint. (*Id.* at 3.) The undersigned warned Plaintiff that if he filed an amended pleading, it would supersede his original Complaint and render it of no legal effect. (*Id.* at 3–4.)

In compliance with the undersigned's instructions, Plaintiff filed an Amended Complaint, which now replaces the original Complaint and governs the scope of this initial review. (Dkt. No. 20.) Notably, the Amended Complaint removes Judge Jefferson as a defendant and instead adds the Charleston County Sheriff's Office. (*Id.* at 1.) Plaintiff clarifies that the events in this case occurred at a bond hearing, where Plaintiff apparently "requested that he be given a[n] opportunity to make a record preserving all and any errors for appellate purposes," which "led to a dialogue between [Judge Jefferson] and Plaintiff in which [Judge] Jefferson was reluctant to allow." (*Id.* at 2.) Plaintiff "made a series of objection[s] to: standing[,] personal jurisdiction[,] [and] subject matter jurisdiction," and "request[ed] that his objections be ruled upon," referencing his "rights to have his grievances

redressed" and "the right to have a forum in which he can freely speak." (*Id.*) When Judge Jefferson apparently refused to address Plaintiff's purported "objections," he "continued [his] attempt to have a ruling made," at which point Defendant Shepherd "approached Plaintiff informing him 'not to talk.'" (*Id.*) Plaintiff claims that "once again a dialogue between [him] and [Judge Jefferson] occurred as to his objections not being ruled upon." (*Id.*) Defendant Shepherd then "grabbed Plaintiff by the arm jerking him while proceeding to drag Plaintiff from his hearing." (*Id.* at 3.) Judge Jefferson "reflected upon the record that Plaintiff assaulted [Defendant Shepherd]," which Plaintiff maintains was "untrue" and an "attempt to justify" the force used against him. (*Id.*)

Based on the above, Plaintiff alleges "freedom of speech" and "due process" violations, asserting that Defendants "oppress[ed] Plaintiff from being able to address the court" and denied him the "opportunity to be heard without interruption or intimidation." (*Id.*) Plaintiff also alleges excessive force, noting that at the time Defendant Shepherd removed him from the courtroom, he was "simply making a record for [the] appellate process" and was not "engaged in a crime or conduct posing immediate threat to the safety of officers or others present at [the] hearing." (*Id.*) Plaintiff notes that he was "hand cuff[ed] wrist to waist and ankles shackled showed no signs of a threat or Plaintiff being unruly." (*Id.* at 2.) Plaintiff contends that "[t]he injury [he] sustained by Defendant [Shepherd] was back and neck related." (*Id.* at 4.) He seeks approximately $70,000 in damages. (*Id.*)

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This action has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C.

3

§ 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Indeed, a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious

case. *Erickson*, 551 U.S. at 94. Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## DISCUSSION

Despite receiving an opportunity to amend his original allegations, Plaintiff's Amended Complaint remains subject to summary dismissal. A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Thus, to state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As a threshold matter, courts have routinely found that "inanimate objects such as buildings, facilities, and grounds" do not qualify as "persons" for purposes of § 1983. *Norris v. Darlington Sheriff's Off.*, No. 1:20-cv-246-DCC-SVH, 2020 WL 473511, at *2–3 (D.S.C. Jan. 28, 2020). Similarly, "entire departments" or "groups of people" are not amenable to suit under § 1983. *See Dean v. S.C. Dep't of Mental Health*, No. 6:16-cv-3422-TMC-KFM, 2017 WL 2332741, at *1

(D.S.C. May 30, 2017); *Graham v. Trinity Food Serv.*, No. 7:23-cv-62, 2023 WL 5019536, at *2 (W.D. Va. Aug. 7, 2023). Accordingly, the Charleston County Sheriff's Office is not considered a "person" under § 1983, regardless of whether Plaintiff refers to the "physical building" or the "staff and collection of officials" it houses. *Capers v. Hernandez*, No. 9:23-cv-6821-BHH-MGB, 2024 WL 1363816, at *4 (D.S.C. Feb. 9, 2024), *adopted*, 2024 WL 1349260 (D.S.C. Mar. 29, 2024); *see also Ford v. South Carolina*, No. 8:23-cv-4892-DCC-JDA, 2023 WL 11195401, at *4 (D.S.C. Dec. 4, 2023), *adopted*, 2024 WL 1805872 (D.S.C. Apr. 25, 2024). The Court therefore turns to Plaintiff's claims against Defendant Shepherd.

With respect to the alleged freedom of speech and due process violations, Plaintiff seems to misunderstand the scope of his constitutional rights. While a criminal defendant generally has the right to present his case to the court, that right is not absolute. "It is well-established that disruptive, contemptuous behavior in a courtroom is not protected by the Constitution." *See In re White*, No. 2:07-cv-342, 2013 WL 5295652, at *69 (E.D. Va. Sept. 13, 2013) (internal citations omitted). Indeed, the "unhindered and untrammeled functioning of our courts is part of the very foundation of our constitutional democracy." *See Cox v. State of La.*, 379 U.S. 559, 562 (1965) (referencing *Wood v. Georgia*, 370 U.S. 375, 383 (1962)); *see also Illinois v. Allen*, 397 U.S. 337, 343 (1970) ("It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country."). To that end, "[t]he flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated," and an "obstreperous defendant" may be removed from the courtroom. *Illinois*, 397 U.S. at 343–44. Thus, Plaintiff's repeated, plainly disruptive attempts to have Judge Jefferson "rule" on his so-called "objections" at his bond hearing—after she apparently declined to do so—were not protected by the

6

Constitution, and Defendant Shepherd's decision to remove Plaintiff from the courtroom was not violative of his constitutional rights.[2]

With respect to Plaintiff's excessive force claim, the undersigned finds that the Amended Complaint still fails to demonstrate an actionable constitutional violation. As previously explained (Dkt. No. 14 at 3), "a pretrial detainee must show only that the force 'purposely or knowingly used against him was objectively unreasonable.'" *See Crawford v. Richards*, No. 1:19-cv-307-MR, 2021 WL 2317866, at *8 (W.D.N.C. June 7, 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015)). "Objective reasonableness turns on the 'facts and circumstances of each particular case.'" *See Kingsley*, 576 U.S. at 397 (referencing *Graham v. Connor,* 490 U.S. 386, 396 (1989)). Thus, the court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interest against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396. The inquiry is a fact specific one and analyzes factors such as:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397.

Here, the Amended Complaint simply alleges that Defendant Shepherd "grabbed Plaintiff by the arm" and "jerk[ed]" him out of the courtroom. (Dkt. No. 20 at 3.) While Plaintiff vaguely suggests that he sustained an "injury" from this interaction, he notes only that it "was back and neck related" without any further detail. (*Id.* at 4.) When weighed against the background now provided in Plaintiff's Amended Complaint, the undersigned finds these allegations insufficient to show

---

[2] In any event, there is no indication that Plaintiff did not have an opportunity to be heard by the court. By Plaintiff's own admissions, he was permitted to "[make] a series of objection[s]" on the record. (Dkt. No. 17-2 at 2.) While Plaintiff may have wanted Judge Jefferson to rule on those arguments, the state court is bound by the local and state rules of criminal procedure, not a criminal defendant's unfounded demands.

objectively unreasonable force. Indeed, the pleading demonstrates that Plaintiff engaged in disruptive conduct—regardless of whether he believes it was justified—and Defendant Shepherd, as the bailiff, used proportional force to maintain order and remove Plaintiff from the courtroom. The result appears to be little to no injury based on Plaintiff's cursory allegations. *See, e.g.*, *Jones v. Owens*, No. 7:24-cv-331, 2025 WL 972250, at *2 (W.D. Va. Mar. 31, 2025) (explaining that a plaintiff "who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim" because the "extent of injury suffered" correlates to the "amount of force applied") (internal citations omitted); *Ragin v. Lockwood*, No. 1:24-cv-130-MOC, 2024 WL 3190941, at *3 (W.D.N.C. June 26, 2024) (finding no excessive force violation where plaintiff's allegations were "too vague, conclusory, and contradictory," noting that plaintiff did in fact cause the initial use of force); *Johnson v. O'Brien*, No. 7:08-cv-22, 2008 WL 2199275, at *4 (W.D. Va. May 27, 2008) (dismissing excessive force claim where plaintiff was "specifically instructed by the court to particularize his allegations concerning the extent of his injuries," but the amended complaint simply demonstrated "*de minimis* pain or injuries"). Accordingly, any such claims against Defendant Shepherd are subject to summary dismissal.

## **CONCLUSION**

Based on the above, the undersigned **RECOMMENDS** that this action be **DISMISSED** without further leave to amend, as Plaintiff has already had an opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022); *see also Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018). The Clerk of Court shall not forward this matter to the United States Marshal Service for service of process at this time.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 17, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).